UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT BENJAMIN HANSON,<br><br>       Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | Civil No. 07-3575 (JMR/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be construed to be a motion for relief under 28 U.S.C. § 2255, and that the matter be reassigned to the trial court judge who presided over Petitioner's apposite criminal case – United States v. Hanson, Crim. No. 04-208 (2) (JRT/FLN).

**I. BACKGROUND**

In December 2004, a jury found Petitioner guilty of several violations of the federal Clean Water Act. He was later sentenced to thirty months in prison, and he is presently serving his sentence at a "halfway house" in Minneapolis, Minnesota.

The record from Petitioner's criminal case shows that he filed a direct appeal shortly after he was sentenced, but the appeal was dismissed, at Petitioner's request, on November 13, 2006.

On August 1, 2007, Petitioner filed his current § 2241 habeas corpus petition. He claims that he was deprived of his constitutional right to a fair trial in his criminal case,

because the prosecution allegedly used perjured testimony to convict him. Petitioner is seeking a writ of habeas corpus that would vacate his conviction and sentence.

For the reasons discussed below, the Court finds that Petitioner cannot challenge his conviction and sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. Petitioner's current claims for relief can be raised only in a motion brought before the original trial court, pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

The fifth paragraph of 28 U.S.C. § 2255 provides that

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., 28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

As this statute clearly indicates, a federal prisoner normally can raise a collateral challenge to the validity of his conviction or sentence only by bringing a § 2255 motion in the court in which he was convicted. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court other than the original trial court has jurisdiction to hear a post-conviction challenge to a prisoner's conviction or sentence, unless the prisoner has affirmatively demonstrated that the remedy provided by section 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. section 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th

Cir. 1983)(per curiam).

In this case, it is obvious that Petitioner is challenging the validity of his conviction and sentence in his criminal case. He is not claiming that the federal Bureau of Prisons has misconstrued his sentence, or that his sentence is being improperly executed, implemented or enforced. Instead, Petitioner is claiming that his constitutional rights were violated during the course of his criminal case. Therefore, Petitioner's current claims for relief can be raised only in a § 2255 motion brought in the court that presided over his criminal case. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir.2002) (a federal inmate "may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court").

A federal prisoner can challenge the validity of his conviction or sentence in a § 2241 habeas corpus petition only if he can show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." Here, Petitioner has made no effort to show that a § 2255 motion would be "inadequate or ineffective," and the Court cannot independently discern any valid reason why he should not be required to pursue that remedy.[1] Thus, the Court concludes that habeas corpus relief is not available under

---

[1] The Court recognizes that Petitioner may, in fact, be currently ineligible for relief under § 2255 because of some procedural defect. For example, Petitioner's claims may be procedurally defaulted because he failed to pursue them on direct appeal, (see United States v. Frady, 456 U.S. 152, 164-65 (1982)), or they may be barred by the one-year statute of limitations that applies to § 2255 motions, (see 28 U.S.C. § 2255 [¶ 6]). However, even if Petitioner is ineligible for relief under § 2255 by reason of some such procedural bar, he still could not claim that § 2255 has become an "inadequate or ineffective remedy," and that he should therefore be allowed to seek habeas corpus relief under § 2241. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or

3

§ 2241 for Petitioner's current claims.

Although this action could properly be dismissed without prejudice for lack of jurisdiction, (Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam)), the Court finds that the interests of justice would be better served by construing the current petition to be a § 2255 motion, and then reassigning the matter to the original trial court judge – i.e., District Court Judge John R. Tunheim. See Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... [Citations omitted.]  They may do so in order to avoid an unnecessary dismissal,... to avoid inappropriately stringent application of formal labeling requirements... [citation omitted], or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.").

The Court recognizes, however, that the instant habeas corpus petition cannot properly be construed to be a § 2255 motion unless two pre-conditions are met. Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002).[2]  First, Petitioner must be warned – and he hereby is warned – that federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions, and he must therefore include all of his collateral claims in a single application for post-conviction relief.  If Petitioner has not included all of

---

because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire") (citations omitted); see also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

[2]  See also Castro, 540 U.S. at 382-83.

his grounds for relief in his current petition, he may want to consider withdrawing or amending his petition, so that he does not lose any of his claims under the rules restricting successive § 2255 motions. Id. He should also be mindful of the statute of limitations that applies to § 2255 motions. Id.

Secondly, Petitioner must be given "an opportunity either to consent to the reclassification or to withdraw his motion." Id. If Petitioner wishes to take advantage of this opportunity mandated by Morales, and withdraw his current petition, he must do so, in writing, before the expiration of the deadline for filing objections to this Report and Recommendation. If Petitioner does not file a timely written notice that clearly indicates his intent to withdraw his petition, he will be deemed to have consented to having his § 2241 habeas corpus petition treated as a motion for relief under 28 U.S.C. § 2255.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be construed to be a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255; and

2. The Clerk of Court should be directed to re-file Petitioner's submissions in this case, and docket them as a § 2255 motion in United States v. Hanson, Crim. No. 04-208 (JRT/FLN).

Dated: August 22, 2007     s/ Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 7, 2007** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.